IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:25-mj-02123 |
| | ) | JUDGE FRENSLEY |
| EDIL ACOSTA-ZUNIGA | ) | |
| a/k/a EDIL ALFONSO ACOSTA-ZUNIGA | ) | |

## UNITED STATES' MOTION FOR DETENTION HEARING AND FOR DETENTION OF THE DEFENDANT

COMES NOW the United States of America by Herbert L. Bunton III, Acting United States Attorney, and Robert E. McGuire, Assistant United States Attorney, and moves this Court for a detention hearing and for detention of the Defendant in this matter. Federal law holds that "the judicial officer shall hold a hearing to determine whether any conditions or combination of conditions…will reasonably assure…the safety of any other person and the community – upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves – (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2).

As detailed in the Affidavit in support of the Criminal Complaint (CRIMINAL COMPLAINT, DE 1, Page ID #2) the Defendant is a citizen of Honduras and unlawfully present in the United States. The Defendant also poses a serious risk of flight. This risk is based on more factors unrelated to the Defendant's immigration detainer. The complaint also details the Defendant has been ordered removed from the United States and was subsequently removed five times. The Defendant's continuous removal and return to this country, despite the valid removal order, suggest he will not abide by the requirement that he appear in court. Additionally,

deportation is avoidable only if he flees. The Defendant's actions indicate a disregard for the authority of the United States and its laws.

The United States would also assert the Defendant has a criminal history going back over a decade. The Defendant's first federal conviction came in 2009 in the Southern District of Texas for a violation of 8 U.S.C. §1326(a). *Id*. Then in 2012, the Defendant was convicted in the Eastern District of Texas for Bringing in and Harboring Certain Aliens in violation of 8 U.S.C. §1324(a). The Defendant was sentenced to 24 months imprisonment. *Id*. Since these federal criminal convictions, the Defendant has been removed from the United States twice after entering the country illegally. *Id*. Page ID# 3. Taken together, this suggests that the Defendant has a strong incentive to flee and avoid criminal and immigration consequences.

For these reasons (which the United States would expand on at a detention hearing) we ask the Defendant be detained until trial. Additionally, the United States respectfully requests a continuance of three business days in order to adequately prepare for the hearing in this matter.

Respectfully submitted,

ROBERT E. McGUIRE
Acting United States Attorney

By:

 */s/ Herbert L. Bunton III*
HERBERT L.BUNTON III
Assistant U.S. Attorney
719 Church St., Suite 3300
Nashville, Tennessee 37203

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be filed electronically via CM/ECF on the 8th day of April, 2025.

*/s/ Herbert L. Bunton III*
HERBERT L. BUNTON III